UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LATUSH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| INDIANA UNIVERSITY HEALTH PARTNERS, INC., | ) ) | 1:13-cv-2013 TWP-DML |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.  Plaintiff, Latush Brown ("Brown"), brings this action against Defendant, Indiana University Health Partners, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act ("ADA"), as amended.

### II. Parties

2.  Brown has resided within the Southern District of Indiana at all relevant times.

3.  Defendant has maintained one or more offices in and conducts business within the Southern District of Indiana.

### III. Jurisdiction and Venue

4.  This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 28 U.S.C. § 1343.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Brown, at all relevant times, has been an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Brown is a qualified individual with a disability as that term is defined by 42 U.S.C. § 12102. At all relevant times, Brown was a qualified individual with a disability, Defendant perceived Brown as being disabled, and/or Brown had a record of being disabled.

8. Brown satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Indianapolis District Office ("EEOC"), alleging unlawful discrimination. Brown received her Notice of Suit Rights and files the instant matter within ninety (90) days of receipt thereof.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. Factual Allegations

10. Defendant hired Brown in or about 1998, with a compensation rate of approximately $7.50 per hour.

11. During the time period at issue, Brown was working for Defendant as a Transporter and Dispatcher, with a compensation rate of approximately $12.85 per hour.

12. At all relevant times, Brown met or exceeded Defendant's legitimate expectations of performance.

13. In approximately June of 2012, Brown injured her back at work. After her symptoms worsened, Brown reported the injury to her manager, Glen Pope ("Pope").

14. Brown was subsequently sent to Employee Health by Pope. After being examined, she was prescribed medications, sent to additional doctor visits, sent to therapy, and given injections.

15. Brown was initially put on light duty, during which time Pope allowed her to work as a Dispatcher.

16. In approximately September of 2012, Kelvin Wade ("Wade") became Brown's new manager.

17. Wade began to harass Brown regarding her disability and subsequent work ability.

18. On or about September 18, 2013, an incident occurred where there was a misunderstanding between Brown and Wade concerning where Brown was located on the premises. Brown refused to write up the incident as she did not believe it rose to the level requiring a write up.

19. On or about September 27, 2013, Brown was given permanent restrictions.

20. On or about September 28, 2013, Brown was given accommodation request paperwork by Employee Health Nurse McGuire ("McGuire"). McGuire informed Brown that Wade had stated he would not accommodate her, and she encouraged Brown to fill out the paperwork and submit it.

21. One or more of Defendant's agents were aware of Brown's disability. On or about September 28, 2013, Brown called Wade to see if the parties could work towards

formulating a reasonable accommodation for her. Wade told Brown he could not accommodate her and she should clock out and go home. Brown did as she was told.

22. As Brown regularly worked as a Dispatcher on weekends and holidays, she called the Dispatch Manager, Brian (last name unknown)("Brian"), to see if she should work that weekend. Brian stated that she should, and Brown did work as a Dispatcher the following weekend.

23. The following Monday, Brown called Wade to see about meeting to discuss the accommodation request paperwork. A meeting was arranged for later that day. During the meeting, Brown was terminated by Wade.

24. Defendant never provided Brown with any reasonable accommodations.

25. Subsequent to her termination, Brown was granted unemployment benefits.

26. In or about January of 2012, Flegel filed claims of discrimination, based on age and disability, with the EEOC, Indianapolis District Office.

27. All reasons proffered by Defendant for adverse actions taken by it regarding Brown's employment are pretextual.

28. Brown has suffered injury as a result of Defendant's unlawful actions.

### V. Causes of Action

### COUNT I - DISABILITY DISCRIMINATION

29. Brown hereby incorporates paragraphs 1-28 of her Complaint.

30. Defendant took adverse employment actions against Brown based on her disability, her record of disability, and/or its perception of her being disabled.

31. Defendant failed to provide Brown with reasonable accommodations.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brown's rights as protected by the ADA.

## VI. Requested Relief

WHEREFORE, Plaintiff, Latush Brown, by counsel, respectfully requests that this court find for her and order that:

1. Defendant reinstate Brown to the same position, salary, and seniority, or pay front pay and benefits to Brown in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Brown;

3. Defendant pay liquidated damages to Brown;

4. Defendant pay compensatory and punitive damages to Brown;

5. Defendant pay pre- and post- judgment interest to Brown;

6. Defendant pay Brown's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Brown any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*Ashley D. Marks*
Ashley D. Marks, #30009-49
Attorney for Plaintiff
CHARLES D. HANKEY LAW OFFICE
434 E. New York St.
Indianapolis, IN 46202
(317) 634-8565
(317) 634-6871 – FAX
adm@hankeylaw.com